OPINION
Defendant-appellant, Enrico J. Abbington, appeals the decision of the Franklin County Court of Common Pleas to impose a maximum sentence of imprisonment upon his convictions of attempted carrying a concealed weapon and receiving stolen property.
On January 13, 1999, the Franklin County Grand Jury indicted appellant on charges of carrying a concealed weapon in violation of R.C. 2923.12, having a weapon while under disability in violation of R.C. 2923.13, and receiving stolen property in violation of R.C. 2913.51. Thereafter, appellant entered a guilty plea to one count of attempted carrying a concealed weapon in violation of R.C. 2923.02, as it relates to R.C. 2923.12, as a fifth degree felony. As well, appellant pled guilty to the receiving stolen property charge as a misdemeanor. The trial court dismissed the having a weapon while under disability charge.
The trial court accepted the pleas and found appellant guilty of the two charges. The trial court sentenced appellant to twelve months imprisonment on the attempted carrying a concealed weapon charge, which is the maximum authorized prison sentence. As well, the trial court sentenced appellant to six months imprisonment on the receiving stolen property charge, and ordered appellant to serve the sentences concurrently.
Appellant appeals, raising two assignments of error:
FIRST ASSIGNMENT OF ERROR:
 The trial court erred by imposing the maximum allowable sentence without specifically finding the factors set forth in R.C. 2929.14(C).
 SECOND ASSIGNMENT OF ERROR:
 The trial court erred by imposing a sentence of imprisonment for a fifth degree felony when the court does not find and the record does not establish any of the factors set forth in R.C. 2929.13(B).
In both of his assignments of error, appellant addresses the trial court's sentence for his felony conviction. We will begin with appellant's second assignment of error, wherein he asserts that the trial court did not adhere to the statutory requirements when it imposed a prison sentence, rather than a community control sanction, on appellant for his felony conviction. We agree.
As noted above, appellant was convicted of a fifth degree felony. R.C. 2929.13(B) governs a trial court's sentencing of an offender who commits a fourth or fifth degree felony and provides a trial court with two ways to impose a prison term on such an offender. The trial court is first required to determine whether any of the factors enumerated in R.C. 2929.13(B)(1) are applicable. R.C. 2929.13(B)(2)(a). If the trial court finds that at least one of the factors is applicable, the trial court then reviews whether a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. See R.C.2929.13(B)(2)(a). In doing so, the trial court is guided by the pertinent seriousness and recidivism factors enumerated in R.C.2929.12. See R.C. 2929.13(B)(2)(a). If the trial court finds after this review that the offender is not amenable to community control, and a prison term is consistent with the R.C. 2929.11
purposes and principles of felony sentencing, then the court is authorized to impose a prison term. R.C. 2929.13(B)(2)(a).
A prison term may also be imposed when the trial court does not conclude that one of the imprisonment factors under R.C.2929.13(B)(1) is applicable to the offender. State v. Jones (Nov. 4, 1999), Franklin App. No. 99AP-72, unreported; State v. Carr
(Jan. 31, 2000), Butler App. No. CA99-02-034, unreported. In this circumstance, the trial court reviews whether community control is consistent with the purposes and principles of felony sentencing by considering the seriousness and recidivism factors enumerated in R.C. 2929.12. See R.C. 2929.13(B)(2)(b). If the trial court concludes that a community control sanction is not consistent with the overriding purposes and principles of felony sentencing set forth in R.C. 2929.11, the trial court has authority to impose a prison sentence. R.C. 2929.13(B)(2)(a); Jones; Carr.
The trial court is not required to explain its findings when deciding whether or not to impose a prison sentence or community control sanction upon an offender who commits a fourth or fifth degree felony. Jones. However, the record must indicate that the trial court made all requisite findings when determining whether to impose a prison sentence or community control sanction upon an offender who commits a fourth or fifth degree felony.Jones; State v. Edmonson (1999), 86 Ohio St.3d 324, 326 (noting that a record must reflect that the trial court considered all requisite factors before sentencing an offender).
In this case, when the trial court imposed its sentence on appellant, it found that appellant committed a serious offense, that he lacked remorse, and that he had a history of criminal conduct and drug and alcohol abuse. We conclude that, while the trial court came close to making the requisite findings in R.C.2929.13, it did not make the proper findings allowing it to impose a prison sentence, rather than a community control sanction, on appellant. For example, the trial court failed to make any determination as to whether appellant was amenable to community control. As well, the trial court failed to make any determination as to why a community control sanction would not be consistent with the overriding purposes and principles of felony sentencing. Similarly, the trial court failed to make any finding as to whether a prison sentence would be more consistent with the overriding purposes and principles of felony sentencing. Accordingly, we conclude that the trial court did not adhere to the statutory requirements when imposing imprisonment, rather than a community control sanction, on appellant for his fifth degree felony conviction.
Appellant contends that the record would prohibit the trial court from imposing a prison sentence over a community control sanction because appellant does not meet the requisite criteria for a prison sentence. However, we need not reach this issue based on our above determinations. Accordingly, we sustain appellant's second assignment of error.
In his first assignment of error, appellant claims that the trial court erred in imposing the maximum authorized prison sentence for his felony conviction. We agree.
R.C. 2929.14(C) indicates, in pertinent part, that a trial court may impose the maximum authorized prison sentence on a felony offender if it finds that the offender either committed the worst form of the offense or poses the greatest likelihood of committing future crimes. Furthermore, we note that, because appellant's maximum sentence on the felony conviction was part of a sentence imposed for two or more offenses arising out of a single incident, the trial court was required to give its reasons for selecting the maximum prison sentence on the felony conviction. R.C. 2929.19(B)(2)(e).
The requirement in R.C. 2929.19(B)(2)(e), that a trial court give its reasons for selecting the maximum sentence, goes beyond the requirement that the trial court make findings required by R.C. 2929.14. Edmonson, at 326 (recognizing that R.C.2929.19[B][2] and its subsections require a trial court to provide an explanation to support its findings); see, also, State v.Smith (Sept. 17, 1999), Hamilton App. No. C-980887, unreported (recognizing that R.C. 2929.19 reinforces the R.C. 2929.14
requirement that the trial court's choice of prison term be predicated upon specific findings). The trial court's findings and reasonings need not be specified in the sentencing entry so long as they are discernible from the record as a whole. State v.Blair (Dec. 27, 1999), Scioto App. No. 98CA2588, unreported; Statev. Hess (May 13, 1999), Franklin App. No. 98AP-983, unreported.
In reviewing the trial court's comments noted above, we conclude that the trial court imposed the maximum authorized prison sentence on appellant for the felony conviction without making any findings as to whether appellant committed the worst form of the offense, or whether appellant poses the greatest likelihood of committing future crimes. As well, we conclude that the trial court did not provide the requisite explanations for imposing a maximum prison sentence on appellant for the felony conviction. Therefore, we conclude that the trial court did not adhere to the statutory requirements when imposing a maximum prison sentence on appellant for his felony conviction. As such, we sustain appellant's first assignment of error.
In summary, we conclude that the trial court did not adhere to the statutory felony sentencing requirements in R.C.2929.13(B), 2929.14(C) and 2929.19(B)(2)(e). We have the authority to remand a case for resentencing if we conclude that the trial court failed to make the requisite findings and explanations. State v. Hurst (Mar. 7, 2000), Franklin App. No. 98AP-1549, unreported; see, also, Edmonson, at 329 (remanding a case for resentencing because the trial court imposed a sentence without making any of the findings and reasons required by the sentencing statute).
Accordingly, based on the above, appellant's assignments of error are sustained, and the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
LAZARUS and BROWN, JJ., concur.